**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6263

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MICHAEL MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-00-136; CA-03-973-5)

Submitted: May 19, 2005                    Decided: May 26, 2005

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Michael Martin, Appellant Pro Se. Kenneth Fitzgerald Whitted, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Michael Martin appeals the orders of the district court dismissing as untimely his motion filed pursuant to 28 U.S.C. § 2255 (2000), and denying Martin's motion filed under Fed. R. Civ. P. 59(e).

Martin may not appeal from the denial of relief in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000). Martin may satisfy this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have reviewed the record and determine that Martin's self-styled motion under Rule 59(e) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000). See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). We, therefore, treat Martin's notice of appeal and appellate brief as a request for authorization from this court to file a second or successive § 2255 motion. See id. at 208. This court may authorize a second or successive § 2255 motion only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. See 28 U.S.C. § 2244(b)(2), 2255. The applicant bears the burden of making a prima facie showing of these requirements in his application. See In re Fowlkes, 326 F.3d 542, 543 (4th Cir. 2003). In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the motion. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

After reviewing Martin's motions and the record in this matter, we conclude that they do not meet the applicable standard. We, therefore, deny Martin's request for a certificate of appealability and dismiss the appeal. We further deny Martin's implied request for authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED